# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Fusion IP LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**PGi (Premiere Global Services, Inc.),**<br><br>　　Defendant. | Case No. 6:20-cv-1184<br><br>Patent Case<br><br>Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fusion IP LLC ("Plaintiff"), through its attorneys, complains of PGi (Premiere Global Services, Inc.) ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Fusion IP LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 1401 Lavaca St. #544, Austin, TX 78701.

2. Defendant PGi (Premiere Global Services, Inc.) is a corporation organized and existing under the laws of Georgia that maintains an established place of business at 701 Brazos Street # 450; Austin, TX 78701.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,344,902; 7,941,486 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '902 PATENT

8. The '902 Patent is entitled "Apparatus and method for using feedback and feedforward in the generation of presentation images in a distributed digital image processing system," and issued 02/05/2002. The application leading to the '902 Patent was filed on 01/19/1999. A true and correct copy of the '902 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '902 Patent is valid and enforceable.

## THE '486 PATENT

10. The '486 Patent is entitled "Systems and methods for integrating electronic mail and distributed networks into a workflow system," and issued 05/10/2011. The application

leading to the '486 Patent was filed on 01/16/2002. A true and correct copy of the '486 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '486 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '902 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '902 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '902 Patent also identified in the charts incorporated into this Count below (the "Exemplary '902 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '902 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '902 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit 3 includes charts comparing the Exemplary '902 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '902 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '902 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 2: INFRINGEMENT OF THE '486 PATENT

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '486 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '486 Patent also identified in the charts incorporated into this Count below (the "Exemplary '486 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '486 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

20. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '486 Patent Claims, by having its employees internally test and use these Exemplary Products.

21. Exhibit 4 includes charts comparing the Exemplary '486 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '486 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '486 Patent Claims.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '902 Patent is valid and enforceable

B. A judgment that the '486 Patent is valid and enforceable

C. A judgment that Defendant has infringed directly one or more claims of the '902 Patent;

D. A judgment that Defendant has infringed directly one or more claims of the '486 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '902 Patent.

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '486 Patent.

H. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: December 24, 2020	Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Fusion IP LLC**